THE₀ PEOPLE v. LEWIS J. PARTRIDGE.

*Criminal law—Rape—Indecent assault—Evidence.*

| 86 | 243 |
| 88 | 463 |
| 86 | 243 |
| 93 | 617 |
| 86 | 243 |
| 96 | 120 |
| 86 | 243 |
| f147 | 645 |

Where a respondent is informed against for the crime of rape, and is also charged in the same information, under Act No. 153, Laws of 1887 (3 How. Stat. §§ 9314*b*, 9314*c*), with having committed an indecent assault upon the same female, without committing or intending to commit the first-named crime, his conviction of the latter offense acquits him of the former, and, in the absence of a *scintilla* of evidence to warrant such conviction, the judgment entered thereon must be reversed, and the respondent discharged.

Error to Alpena. (Cobb, J., presiding.) Argued May 6, 1891. Decided June 5, 1891.

Information for rape. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*Joseph H. Cobb*, for respondent.

*A. A. Ellis*, Attorney General, and *James McNamara*, Prosecuting Attorney, for the people.

MORSE, J. The respondent was tried in the Alpena circuit court upon an information containing two counts.

The first count charged him with unlawfully and carnally knowing and abusing a female child under the age of 14 years, and of the age of 13 years, on the 3d day of July, 1890, at the city of Alpena.

The second count was added under the statute, and averred that the respondent, on the same day and year, and at the same place, feloniously assaulted the said female child, and did then and there take indecent and improper liberties with her person, *without then and there committing or intending to commit the crime of rape upon her*. See Act No. 153, Laws of 1887.

The defendant was convicted and sentenced upon the second count.

There are 79 assignments of error. Several of them are well assigned, and there was serious error in the charge of the court to the jury. But, as the respondent must be discharged, and cannot be tried again upon the information in this case, we do not deem in necessary to specify the errors we have found in the record, except the one upon which we ground the discharge of the respondent.

The testimony given upon the trial was of a most revolting nature, and will not be referred to in detail. The complaining witness swore positively to an act of sexual intercourse with defendant on the day named in the information, and her testimony was corroborated by

another girl, 15 years of age, who gave evidence that she stood by and witnessed it. The two girls were working for Partridge in a candy-shop, in the back part of which it is claimed the crime was committed. There was also the testimony of a gentleman who looked through a hole in the building, and saw respondent having connection with a girl at the same place, and upon the same day; but he could not or did not tell which one of the girls it was.

The verdict cannot stand. The respondent, by this verdict, was acquitted of the charge in the first count, and there was not a *scintilla* of evidence to support the second count. If the testimony of the prosecution was true, the crime committed was rape under the statute. If it was not true, then there was no crime committed. There was nothing tending to show that any indecent or improper liberties were taken with the girl *without the intent of committing rape.* Under the testimony the respondent was guilty of rape, or not guilty of any offense. The court should have instructed the jury that there could be no conviction under the second count.

As respondent was acquitted on the first count, and should have been acquitted on the second count, the judgment of the court below must be reversed, and the respondent discharged. The jury have found him not guilty of carnally knowing the girl. They found him guilty of an entirely different offense, of the commission of which there was absolutely no evidence in the case. It is our duty, no matter how much we may deplore the result, to discharge him.

Judgment and sentence vacated, and respondent discharged.

The other Justices concurred.