## THE PEOPLE v. CHRISTOPHER O'BRIEN.

*Criminal law—Trial—Assignments of error—Homicide—Evidence—
Statements of deceased.*

1. If counsel for a respondent considers testimony offered by the people inadmissible upon any ground, it is his duty to object, and, failing so to do, he cannot assign error upon its admission for the purpose of showing that the respondent has not had a fair and impartial trial.

2. On the trial of a homicide case, the main question of fact in issue was whether the fatal wound was inflicted with a knife by the respondent, and a physician who dressed the wound, which neither he nor the deceased then considered dangerous, was permitted to testify that the deceased stated to him that he had been cut with a knife by the respondent; which statement is held not a part of the *res gestæ*, and therefore incompetent.

Error to the recorder's court of Detroit. (Chambers, J.) Argued May 6, 1892. Decided May 20, 1892.

Respondent was convicted of murder in the second degree, and sentenced to imprisonment in the State prison for 20 years. Judgment reversed, and a new trial ordered. The facts are stated in the opinion.

*James H. Pound,* for respondent.

*A. A. Ellis,* Attorney General, and *Samuel W. Burroughs,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of murder in the second degree.

Many of the assignments of error relate to the admission or exclusion of testimony, to which no objection was made or exception taken. They cannot,

therefore, be now considered. If we understand respondent's counsel correctly, he assigns error upon these for the purpose of showing in this Court that the respondent has not had a fair and impartial trial. If this were so, the defendant and his counsel would be responsible for it. If his counsel considered offered testimony to be inadmissible upon any ground, it was their duty to object, and, failing in this respect, he cannot be heard to complain in this Court.

The deceased received a wound upon the head, about 10 o'clock at night, in his saloon, in a fight with the respondent. No one but the two were present, but the fight was witnessed by two persons from the street opposite the saloon. The deceased died the following morning. The wound was inflicted by some sharp instrument. The evidence on the part of the people tended to show that it was inflicted by a knife in the hand of the respondent. Respondent denied using a knife, but claimed that he was attacked by the deceased with a chisel, and it was insisted on his behalf that the wound was inflicted during the affray by it. Previous to this the respondent had a fight with the deceased and his brother in the same saloon, from which the respondent was then driven. It is claimed that he shortly after returned with a knife, and committed the assault, which resulted fatally. The deceased walked out of the saloon, and across the street to a drug-store kept by one Dr. Hummel. Dr. Hummel was not there, and the deceased went to the house of one Dr. Siebert, who examined and dressed his wound, after which he returned to his home. Neither Dr. Siebert nor the deceased then considered the wound dangerous.

Dr. Siebert testified, under objection and exception, that the deceased said "he had been cut by a knife by

.Mr. O'Brien." This statement was not a part of the *res gestæ*, and was therefore incompetent. The question of the use of the knife was one of the most important in the case. A conviction for murder could scarcely have been maintained unless the jury were convinced that the wound was thus inflicted. While the case made against the prisoner, aside from this statement, is very strong, yet we cannot say it is so convincing that the admission of this testimony was not prejudicial error.

For this reason the judgment is reversed, and a new trial ordered.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.