96  119
103  475

96  119
105  119

96  119
136  ²148

96  119
f145  ²529

96  119
f147  ²645

## THE PEOPLE v. WARREN MILLER.

*Criminal law—Rape—Age of consent—Evidence.*

1. An assault with intent to commit the crime of rape is necessarily included in the greater offense.

2. A respondent who is informed against for the crime of rape may be convicted of an assault with intent to commit that offense, upon testimony showing its actual commission.

3. It is no defense to a prosecution under 3 How. Stat. § 9094, for unlawfully and carnally knowing and abusing a female child under the age of 14 years, that she had reached the age of puberty when the offense was committed.

Error to Clare. (Hart, J.) Submitted on briefs April 21, 1893. Decided June 16, 1893.

Respondent was convicted of an assault with intent to commit the crime of rape, and sentenced to imprisonment in the State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*Geo. J. Cummins* (*W. W. Green,* of counsel), for respondent.

*A. A. Ellis,* Attorney General, and *W. A. Burritt,* Prosecuting Attorney, for the people.

HOOKER, C. J. The defendant was convicted of assault with intent to commit the crime of rape upon a girl of less than 14 years of age.

The proof consisted of testimony from the girl, who unequivocally testified to the completed act of sexual intercourse, testimony from a physician, showing an examination and rupture of the membrane, testimony of one or two witnesses to admissions on the part of defendant to the effect that he had intercourse with the girl on the occasion

charged, and testimony that she was at the time below the age of 14 years, and that she had been subject to menstrual periods for a year. The defendant was sworn, and denied seeing the girl upon the occasion charged.

The errors relied on are as follows:

1. That the court charged the jury that the defendant might be convicted of rape, of assault with intent to commit rape, or of simple assault.

2. That, defendant having denied the transaction, the jury should have been charged that there must be some testimony corroborating that of the girl, or the verdict must be not guilty.

3. That the jury should have been charged that if the girl had reached the age of puberty, although under 14 years of age, she was no longer a "child," within the meaning of the statute.

4. That the jury should have been directed to return a verdict for the defendant because the girl had reached the age of puberty.

It is true that upon this record the proof upon one side shows the completed act of sexual intercourse with a girl under the age of 14 years, while upon the other a denial of any offense is made. Under such proof it cannot be denied that a verdict of assault with intent to rape is illogical. But an assault with intent to commit rape is necessarily included in every rape. The defendant's counsel are alleging, not an injurious error, but one which, if it could be called an error, has resulted to defendant's advantage. In the case of *Hall v. People,* 47 Mich. 636, this question was passed upon, and the omission to charge the jury that the defendant might be found guilty of the lesser offense was held to be error, in just such a case as this. See, also, *State v. Shepard,* 7 Conn. 56; *Com. v. Cooper,* 15 Mass. 187. The case of *People v. Partridge,* 86 Mich. 243, cited by counsel, differs from this case in this: That the offense of assault "without intending to commit the crime of rape" could not be said to be

included in the offense of rape, but, on the contrary, was at variance with such offense.

The charge of the court is not given, and we have no means of determining what, if anything, was said to the jury upon the subject of corroboration, and, while the request of defendant's counsel was refused, we cannot assume that the subject was not properly treated in the charge. We do not intend to imply that the court should have given the request in substance, for we are not prepared to say that conviction in rape cases cannot be based upon the uncorroborated testimony of the woman assaulted. We see no reason for holding that the rule of the common law is changed by permitting the defendant to testify, and believe that the question of credibility can be safely left to the jury. As a matter of fact there were corroborating circumstances in the case.

The remaining question is without merit. The statute (3 How. Stat. § 9094) provides that,—

"If any person shall  *  *  *  unlawfully and carnally know and abuse any female child under the age of fourteen years, he shall be punished," etc.

It is contended that the victim must not only be under the age of 14 years, but must be a child, i. e. must not have reached the age of puberty. We cannot assent to such a doctrine. The legislators who voted for this law must have known that puberty in females is common before the age of 14. There is nothing to indicate that the age of puberty was intended to have any bearing upon the subject.

We find no error in the record, and the judgment will be affirmed.

The other Justices concurred.