PEOPLE *v* RANDALL.

RAPE—EVIDENCE—SUFFICIENCY.

 In a prosecution for rape, where the testimony of the prosecutrix was contradicted by that of respondent, but the latter's conduct, immediately after the arrest of his brother on a similar charge, was indicative of a fear of prosecution, and tended to corroborate the charge, the case was peculiarly one for the jury, and a conviction was not disturbed.

Error to Gratiot; Stone, J. Submitted April 24, 1903. (Docket No. 177.) Decided June 23, 1903.

Caleb Randall was convicted of statutory rape, and sentenced to imprisonment for 15 years in the State prison at Jackson. Affirmed.

*W. A. Leet*, for appellant.

*Charles A. Blair*, Attorney General, and *Julius B. Kirby*, Prosecuting Attorney, for the people.

HOOKER, C. J. The defendant was convicted of statutory rape upon a child under the age of 16 years. Error is

alleged upon the ground that the evidence is insufficient to sustain a conviction: (1) Because she was prompted to make the complaint by the prosecuting attorney; (2) because her testimony is contradicted by the defendant, thus making the evidence balance.

It is unnecessary to discuss the testimony at length. The conduct of the defendant, immediately after the arrest of his brother upon a similar charge, is indicative of a fear of prosecution, and tends to corroborate the charge. The case was peculiarly one for a jury. Evidently they believed the child and disbelieved her uncle. Her surroundings, and the habits of life, and want of care over her, of her mother, subjected her to unusual dangers. The responsibility for this conviction rests upon the jury, where it properly belongs, and we cannot say that the verdict was not just. It evidently met the approval of the learned circuit judge who heard the cause, and who would doubtless refuse to permit a grossly improper verdict to stand.

The judgment is affirmed.

The other Justices concurred.