PEOPLE *v.* RIVERS.

1. RAPE—STATUTORY OFFENSE — PROSECUTION — EVIDENCE — SUFFICIENCY.

Evidence of slight penetration is sufficient to justify a conviction of rape upon a female child under the age of 16 years.

2. SAME—INFORMATION—ISSUES—PROOF—SUFFICIENCY.

Evidence of a completed act of sexual intercourse, including sufficient penetration to constitute rape, does not sustain a conviction of the offense of taking indecent liberties with the person of a female child without committing or intending to commit the crime of rape.

Error to Oakland; Smith, J.  Submitted January 24, 1907.  (Docket No. 149.)  Decided March 26, 1907.

Bert Rivers was convicted of taking indecent liberties with the person of a female child under the age of 14 years without the intent to commit the crime of rape, and sentenced to imprisonment for not less than two nor more than ten years in the State prison at Jackson.  Reversed, and prisoner discharged.

*Rockwell & Zimmerman*, for appellant.

· *Frank L. Covert*, Prosecuting Attorney, and *Charles S. Matthews*, Assistant Prosecuting Attorney, for the people.

BLAIR, J. Respondent was convicted of, and sentenced to State prison for, feloniously assaulting and taking indecent liberties with the person of Flora Peer, his stepdaughter, a child under the age of 14 years, without committing or intending to commit the crime of rape. The information contained two counts; the first charging rape, the second charging felonious assault and taking indecent liberties. The prosecuting attorney, in opening the case to the jury, said:

"May it please the court and gentlemen of the jury: The respondent in this case is charged with having committed the crime of rape upon his stepdaughter at his home in Wixom on or about July 27, 1905. There is no claim that the girl was physically injured at that time, that he put his person in far enough to cause pain or rupture the hymen, but we do claim he had sexual intercourse with the girl at that time. * * * We propose to show that he did have, as far as he was able to do without physical injury to her, have intercourse with her, and we shall insist that we show that it constitutes the offense charged."

The only testimony as to the offense was given by Flora Peer, who testified as to the details of a completed act of sexual intercourse, although with slight penetration of her person. The trial judge, however, correctly held that there was evidence of sufficient penetration, if believed, to justify a conviction. *People* v. *Courier*, 79 Mich. 366; *People* v. *Sheffield*, 105 Mich. 117; *People* v. *Bernor*, 115 Mich. 692; *People* v. *Scouten*, 130 Mich. 620.

Respondent's counsel contend that the evidence is inconsistent with the charge of which he was convicted, and that he is entitled to his discharge. We are constrained to hold that this contention is correct. *People* v.

*Partridge*, 86 Mich. 243; *People* v. *Miller*, 96 Mich. 119; *People* v. *Cahoon*, 88 Mich. 456.

Judgment and sentence vacated, and respondent discharged.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.