# APRIL TERM, 1919.

## PEOPLE v. SMOLKIEWICZ.

1. CRIMINAL LAW—EVIDENCE—SUFFICIENCY.

   In a prosecution under an information charging the taking of indecent liberties with a female child under the age of 14 years, without committing or intending to commit the crime of rape, the testimony of both the girl and her father that she was 13 years of age, *held*, sufficient to sustain a finding that she was under the age of 14 years.

2. SAME — INFORMATION — TAKING INDECENT LIBERTIES — RAPE — STATUTES—MISCARRIAGE OF JUSTICE.

   In view of Act No. 89, Pub. Acts 1915 (3 Comp. Laws 1915, § 14565), a conviction under said information will be sustained, although the evidence was sufficient to show that the greater offense of rape had been committed.

Error to the recorder's court of Detroit; Wilkins, J. Submitted January 16, 1919. (Docket No. 112.) Decided May 29, 1919.

Adam Smolkiewicz was convicted of taking indecent liberties with a female child, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Affirmed.

*Arthur A. Koscinski,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Charles H. Jasnowski,* Prosecuting Attorney, and *Van H. Ring,* Assistant Prosecuting Attorney, for the people.

MOORE, J. The charge of the court was in part as follows:

*Continued from Vol. 205.

"*The Court:* Gentlemen of the jury, it is charged in the information that the respondent Adam Smolkiewicz, on the 14th day of April, 1918, in the city of Detroit, in this county, he being a male person over the age of 14 years, to-wit: of the age of 42 years, did unlawfully take indecent and improper liberties with the person of one Martha Loch, without committing or intending to commit the crime of rape, said Martha Loch being then and there a female child under the age of 14 years, to-wit: of the age of 13 years, contrary to the form and force and effect of the statute in that case made and provided, and against the peace and dignity of the people of the State of Michigan.

"The crime charged is what is commonly known as taking indecent liberties with a female child under the age of 14 years, without committing rape, and without the intent to commit rape. If there was a rape of this child or if there was an intent to commit rape, then, gentlemen, your verdict should be not guilty under this charge, because this charge under this statute is that he took indecent liberties without committing rape, and without the intent to commit rape. * * * or if he took any indecent liberties with her person, such as inserting his finger in her private parts, or doing anything with her which you, as men of common sense, would call indecent liberties, then, if satisfied beyond a reasonable doubt of such facts, and if also satisfied that there was no rape, and no intent to commit rape, you should find the defendant guilty."

The respondent was convicted and the case is brought here by writ of error; we quote from the brief:

"There are only two distinct propositions to be considered:

"*First.* The evidence in the case is inconsistent with the charge of which respondent was found guilty.

"*Second.* The evidence was not sufficient to prove that the prosecutrix was under the age of fourteen years."

The second proposition may be disposed of by saying that the testimony of both the girl and her father

is sufficient to warrant the jury in finding the girl was under the age of 14 years.

The first proposition of counsel is based upon the theory that the testimony shows that a greater offense was committed than the one charged in the information. That the testimony if believed shows that what was done constituted rape and that for that reason respondent should be discharged, counsel citing *People v. Partridge,* 86 Mich. 243, and *People* v. *Rivers,* 147 Mich. 643.

Counsel for the people urge that the question involved was one of fact, and that under the testimony of the father as to what respondent said to him and under the charge of the court, that the verdict may be sustained. The trouble with this contention is that the testimony of the father sustains the testimony of the daughter which is to the effect that the greater offense had been committed. It is unadvisable to put upon the printed page this testimony. The respondent was not sworn and did not produce any witnesses in his behalf. The testimony of the girl as given before the magistrate was introduced in evidence by the respondent and in view of what it contained it is difficult to understand why the information did not contain a count charging the greater offense. If the law now stood as it did when the opinions were handed down in the cases cited by counsel for respondent this court would have no alternative but to discharge the respondent, but by Act No. 89 of the Public Acts of 1915 (3 Comp. Laws 1915, § 14565) it was provided:

"No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court of this State in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall

affirmatively appear that the error complained of has resulted in a miscarriage of justice."

We think this statute.was passed to prevent such a miscarriage of justice as would occur if this respondent upon this record should be discharged.

The judgment is affirmed.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.