PEOPLE v. PARMALEE.

1. CRIMINAL LAW — INFORMATION — RAPE — EVIDENCE —ADMISSIBILITY.

In a prosecution under an information charging, in the first count, the commission of the crime of rape, and in the second the taking of indecent liberties with a female .child under the age of 14 years, without committing or intending to commit the crime of rape, the testimony of the prosecuting witness as to what occurred at the time it is claimed the offense was committed, was admissible.

2. SAME—TRIAL—INSTRUCTIONS—ELEMENTS OF OFFENSE—STATUTES.

It was reversible error for the court, in instructing the jury as to the offense charged in the second count, to omit to add the words of the statute, "without committing or intending to commit the crime of rape."

3. SAME—EVIDENCE—SUFFICIENCY.

Although the testimony given by the people's witnesses is difficult to harmonize, it cannot be said, as a matter of law, that there was no testimony that would justify a conviction under the second count.

Error to superior court of Grand Rapids; Dunham, J. Submitted January 17, 1919. (Docket No. 121.) Decided May 29, 1919.

Grant Parmalee was convicted of taking indecent liberties with a female child, and sentenced to imprisonment for not less than 3 nor more than 10 years in the State prison at Jackson.  Reversed.

*Ellis & Ellis,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Bartel J. Jonkman,* Assistant Prosecuting Attorney (*Fred P. Geib,* of counsel), for the people.

MOORE, J.  Respondent was convicted of taking indecent liberties with a female child of the age of 11 years, under an information containing two counts. The first count is that respondent—

"in and upon one Gladys Driscoll a female child under the age of 16 years, to wit, of the age of 11 years, feloniously did make an assault, and her the said Gladys Driscoll then and there feloniously did unlawfully and carnally know and abuse, against the form of the statute in such case made and provided." * * *

The second count charged respondent with—

"being then and there a male person over the age of 14 years, to wit, of the age of 50 years, did then and there in and upon one Gladys Driscoll, a female child under the age of 14 years, to wit, of the age of 11 years, make and assault, and her the said Gladys Driscoll then and there did beat, bruise, wound and illtreat, and did then and there take indecent and improper liberties with the person of said female child, Gladys Driscoll, * * * without committing or attempting to commit the crime of rape."

The defense was an alibi, respondent denying the truth of all the testimony offered by the people.  The case is here by writ of error.

Respondent claims there is reversible error in the record for three reasons:

(1) That the court erred in permitting the witness Gladys Driscoll to answer the question "then what did Grant Parmalee do?"

(2) The judge of the superior court erroneously permitted the jury to find the respondent guilty as a felonious assaulter under a charge which led the jury to believe that if the defendant took indecent liberties with Gladys Driscoll he would be guilty, under the statute, without regard to what he intended to do and whether he actually committed rape on her or not, the judge having neglected to indicate what it was essential to prove to establish the offense as defined by the statute.

(3) The finding and verdict in this case is contrary to the evidence and the weight of the evidence. Under the evidence in this case, if the people's witnesses are believed, the defendant was guilty of rape or an assault with intent to commit rape and the court erroneously submitted to the jury the question of an indecent assault.

1. The testimony objected to was the version of the witness of what occurred, when it is claimed the respondent committed the offense with which he was charged, and we think it was competent.

2. Did the court err in failing to define sufficiently the offense charged in the second count of the information. The oral charge was quite long and fully covered most of the questions involved. The court read to the jury the two counts in the information and properly instructed them as to what the people must show to sustain a conviction under the first count. We now quote from the charge:

"If you find neither of these offenses to have been committed, then you will pass to the second count in this information: Did respondent take indecent and improper liberties with this child? Did he put his hands upon her and his private organ upon her as she claims? If you find that he did, beyond a reasonable doubt, then you will find respondent guilty of taking indecent and improper liberties with this girl. If you do not find either one of these three offenses committed, then you will determine whether or not respondent is guilty of an assault and battery" etc.

Undoubtedly it was an oversight on his part that the trial judge omitted to add to what we have quoted the words of the statute: "Without committing or intending to commit the crime of rape." In view of the verdict which was brought in by the jury we are constrained to say this was reversible error.

3. It is claimed that the testimony of the people showed that the offense of rape or an assault with intent to commit rape was committed and that now the respondent should be discharged, citing *People* v. *Rivers*, 147 Mich. 643, and other cases. In this connection it may be well to quote from the brief of counsel:

"We do not want this court to believe for a single minute that we think the evidence in this case was sufficient to show that this man was guilty of any offense. It seems plain to us and has all of the time that when these three girls first told that there was nothing wrong between them and the defendant they told the truth. * * * The record is full of absolute inconsistencies."

It is difficult to harmonize all of the statements made by the people's witnesses, and it is more than probable that the jury believed some of them and disbelieved some of them. We cannot say as a matter of law that there was no testimony that would justify a conviction under the second count of the information.

For the reason stated the judgment is reversed, and a new trial ordered.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.