PEOPLE *v.* MARTIN.

1. APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY — SAVING QUESTION FOR REVIEW.

Assignments of error based on the admission or exclusion of testimony will not be considered by the Supreme Court, where there was no objection; the error must appear on the face of the record.

2. CRIMINAL LAW—RAPE—EVIDENCE — ADMISSIBILITY — HARMLESS ERROR.

In a prosecution for statutory rape, testimony by a police officer that he saw the complaining witness and asked her

what the trouble was, but that she did not answer, *held,* not prejudicial.

3. SAME—LESSER OFFENSES—INSTRUCTIONS—TRIAL.
    In such prosecution, the trial judge properly instructed the jury as to the lesser offenses, viz., assault with intent to commit rape, and assault and battery, and instructed them that they might convict of either in the event that they did not find defendant guilty of rape.

4. SAME—NEW TRIAL—JURISDICTION—STATUTES.
    Two terms of court having elapsed since the denial of a motion for a new trial, the trial court was without jurisdiction to entertain a motion to set the same aside under 3 Comp. Laws 1915, § 15836.

Error to recorder's court of Detroit; Wilkins (Charles T.), J. Submitted October 17, 1919. (Docket No. 113.) Decided December 22, 1919. Rehearing denied April 10, 1920. See 210 Mich. 139.

Harry Martin was convicted of assault with intent to commit the crime of rape and sentenced to imprisonment for not less than 2½ nor more than 10 years in the State prison at Jackson. Affirmed.

*George B. Murphy,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H. Bishop,* Prosecuting Attorney, and *Van H. Ring,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. The respondent was charged with having, on the 4th day of June, 1918, committed the crime of statutory rape upon Anna Jaracz, a female of the age of 15 years. He was convicted of assault with intent to commit such crime, and, on November 1, 1918, sentenced to Jackson prison for a maximum period of 10 years and a minimum of 2½ years.

At the time of the trial, respondent was represented by Attorney James R. Neill. A motion for a new trial was made by him on August 24, 1918, before sentence, and denied. Thereafter, and on May 29, 1919,

the present attorney for said respondent was substituted for Mr. Neill. On June 10, 1919, he moved the trial court to set aside the order made denying a new trial and enter an order granting same. Many affidavits were filed by him in support of this motion. It was denied and respondent now seeks a review in this court by writ of error.

The assignments relate:

(1) To the admission of testimony.
(2) To the charge of the court.
(3) To the refusal to grant a new trial.

The facts on which the prosecution relies to support the conviction are, briefly, as follows:

On the 4th day of June, 1918, the respondent was employed as a paper hanger for Isadore and Hyman Greenberg, who conducted a store at 1745 Michigan avenue, in the city of Detroit. They were dealers in wall paper and took contracts for papering residences. Respondent was at that time 42 years of age, married and living in Detroit with his wife. Anna Jaracz was also employed by the Greenbergs, and had been since May 1, 1918. She waited on the trade in the store. There are four rooms in the store, which at one time had been used as a dwelling house. Behind the front or show room was a stock room, and back of it a smaller stock room, formerly a bedroom. On the day in question, respondent was at work hanging paper in the home of Charles Gronau, a few blocks distant from the Greenberg store. During the forenoon, Mrs. Gronau expressed a desire to have some of the paper changed, and respondent offered to have the exchange made at lunch time. About 11:30 he went to the store for that purpose. Anna was there alone, and she claims that he followed her into the smaller stock room when she went there for the paper and there assaulted her and committed the crime charged. She says that Isadore Greenberg came into the store im-

mediately after the offense was committed, and he testified that she ran to him and fell into his arms and fainted, and that respondent then said, "I just wanted to scare her." The respondent went back to his work and a few hours after was arrested and has been confined since that time. Greenberg and several others testify that there was blood on Anna's clothing, and an examination by Dr. Watson, two days after, revealed the fact that her person had been recently violated.

The respondent was sworn in his own behalf and, while admitting that he was at the store for the purpose stated, denied that he had in any way committed any assault on Anna or had sexual intercourse with her.

1. It is the claim of the prosecution that there was no objection by respondent's counsel to the testimony which he claims was improperly admitted. The most serious complaint is that Kate Jaracz, mother of Anna, was permitted to testify to what Anna told her when she arrived home several hours later. Quoting from the record:

"Q. Did Anna say what had happened to her?
"A. Yes.
"Q. Told you all about it?
"Mr. Neill: I object; that would be hearsay that she told all about it.
"Q. What did she tell you occurred?"

No further objection was made, nor was any motion made to strike out the testimony. The court no doubt understood that the objection was made to the witness stating that Anna had told her "all about it," and not to her relating in detail what Anna had said to her. This court has many times refused to consider assignments of error in the admission or exclusion of testimony, where the same was received without objection. The error must appear on the face of the record. In

*People* v. *O'Brien,* 92 Mich. 17, in which respondent was convicted of murder, it was said:

"Many of the assignments of error relate to the admission or exclusion of testimony, to which no objection was made or exception taken. They cannot, therefore, be now considered. If we understand respondent's counsel correctly, he assigns error upon these for the purpose of showing in this court that the respondent has not had a fair and impartial trial. If this were so, the defendant and his counsel would be responsible for it. If his counsel considered offered testimony to be inadmissible upon any ground, it was their duty to object, and, failing in this respect, he cannot be heard to complain in this court."

The rule thus laid down has, we believe, been uniformly followed in this court.

The 8th assignment of error is based on an objection made to a question asked Police Officer Barnes, who saw Anna at the store shortly before the arrest was made. A careful reading of his testimony does not show that he testified to any facts stated to him at that time by her. On the contrary, he says, "she didn't give me any answer," and adds that as Greenberg had told him about it he told her that he "would go over and get the man." We cannot see anything prejudicial to the respondent in any of the testimony, voluntary or otherwise, given by this witness.

2. Error is alleged on that portion of the instructions in which the court defined the lesser offenses included in the crime charged, viz.: Assault with intent to commit rape, and assault and battery, and instructed the jury that they might convict of either of these in the event that they found the respondent not guilty of the crime charged. There is no complaint made of error in the language used in such instruction, but the claim is broadly made that the evidence showed the respondent to be guilty of rape, if at all, and that the jury should have been so instructed.

Counsel for respondent, in support of this contention, relies on the cases of *People* v. *Partridge,* 86 Mich. 243, and *People* v. *Rivers,* 147 Mich. 643, in both of which it was held that on an information charging rape, with an added count charging felonious assault and taking indecent liberties, where the only testimony given, if true, established the crime of rape, a conviction under the second count would not be permitted to stand. This holding was, as stated in the first of these cases, because "there was not a scintilla of evidence to support the second count," and, both being statutory offenses, that charged in the second count was not included in the offense charged in the first count.

But the crime of which respondent was convicted is included in that with which he was charged. It was the duty of the court under our repeated decisions to so charge. *Hall* v. *People,* 47 Mich. 636; *People* v. *Abbott,* 97 Mich. 484; *People* v. *Ryno,* 148 Mich. 137. A similar question was raised in *People* v. *Miller,* 96 Mich. 119. At page 120, it is said:

"It is true that upon this record the proof upon one side shows the completed act of sexual intercourse with a girl under the age of 14 years, while upon the other a denial of any offense is made. Under such proof it cannot be denied that a verdict of assault with intent to rape is illogical. But an assault with intent to commit rape is necessarily included in every rape. The defendant's counsel are alleging, not an injurious error, but one which, if it could be called an error, has resulted to defendant's advantage."

We find no error in the instruction given.

3. As before stated, a motion for a new trial was made before sentence, and denied. On June 10, 1919, two terms of the court having in the meantime elapsed, a motion was made to set aside the order denying the same. While the court apparently passed on the merits of the motion in denying it, it clearly had no jurisdic-

tion under our decisions to hear the same. This question has been so recently passed on in *Nichols* v. *Houghton Circuit Judge,* 185 Mich. 654 (Ann. Cas. 1917D, 100), in which the authorities are collected and discussed and the conclusion therein reached approved in *People* v. *Ayres,* 195 Mich. 274, that we content ourselves with a reference to these cases in concluding that the record shows no error in this respect.

Finding no reversible error, the conviction and sentence must stand affirmed.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.