PEOPLE *v.* MANDELL.

CRIMINAL LAW—INFORMATION—ATTEMPT TO COMMIT BURGLARY—
COMPLETED OFFENSE—MISCARRIAGE OF JUSTICE.

In view of Act No. 89, Pub. Acts 1915 (3 Comp. Laws 1915,
§ 14565), a conviction under an information charging
defendant with the offense of attempting to break and
enter a store building will be sustained, on error, although
the evidence was sufficient to show that a completed act
of burglary had been committed.

Error to recorder's court of Detroit; Wilkins
(Charles T.), J. Submitted January 15, 1920. (Docket
No. 103.) Decided February 27, 1920.

Chester Mandell was convicted of an attempt to
break and enter a store building in the nighttime. Af-
firmed.

*William M. Schwartz,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H.
Bishop,* Prosecuting Attorney, and *James K. Nichols,*
Assistant Prosecuting Attorney, for the people.

CLARK, J. The information in this case charged
that the defendant—

"On the 26th day of March, in A. D. 1919, at the
said city of Detroit, in the county aforesaid, did at-
tempt to commit an offense prohibited by law—that
is to say, at about the hour of four o'clock in the
nighttime of the said day, with force and arms, the
store, not adjoining to or occupied with a dwelling
house of Charles Levy, there situated, feloniously did
attempt to break and enter, with intent the goods and
chattels of the said Charles Levy, then and there in
the said store, then and there being found, then and
there feloniously to steal, take and carry away, and

then and there in the said attempt did do a certain overt act towards the commission of the said offense, did cut a hole in the panel of said store door to enable him, the said Chester Mandell, to unlock said door, with intent then and there the said store to break and enter and steal, take and carry away therefrom the goods and chattels therein contained."

Mr. Levy locked his store the evening before the alleged offense. The rear door of the store was secured from within by two locks, in one of which there was a key. Police officers of the city testified that about 4 o'clock in the morning their attention was attracted by sounds in the rear of the Levy store; that a light was flashed and a man was seen crouching near the rear door who started to run. The officers gave pursuit and captured the defendant in the yard at the rear of the store. A knife was found on the ground near the rear door. A key was also found and there was testimony that it was the key which had been in the lock of that door. The officers further testified that there was a hole cut in the door near the lock large enough to admit the hand of a man. At the close of the proofs of the people counsel for defendant moved that the defendant be discharged for the reason that defendant was charged with an attempt and the completed act of burglary was shown to have been committed. This motion was denied. The defendant admitted being in the rear of the store at the time in question but denied that he had attempted to break and enter the store as charged. Upon trial the defendant was convicted. Following the verdict defendant's counsel moved to quash the verdict and to discharge defendant upon the ground that the facts showed that the defendant was not guilty of the crime of attempting to break and enter, but was guilty of the completed act of burglary as the defendant, according to the people's testimony, must have reached his hand through the hole in the door and taken out

the key for the purpose of unlocking it. This motion was likewise denied. Defendant reviews his conviction here upon writ of error. The sole contention of defendant upon the assignments of error is that the defendant should have been discharged for the reason that he was charged with an attempt and the testimony showed that he was guilty of the completed act of burglary. This contention is fully answered by the holding in *People* v. *Smolkiewicz,* 206 Mich. 1. In that case the defendant was charged with taking indecent liberties with a female child and the testimony if believed showed that what was done constituted rape, and it was there urged that the defendant should be discharged, because the testimony showed that a greater offense was committed than the one charged in the information, citing *People* v. *Partridge,* 86 Mich. 243, and *People* v. *Rivers,* 147 Mich. 643. Justice MOORE, speaking for the court, said:

"If the law now stood as it did when the opinions were handed down in the cases cited by counsel for respondent this court would have no alternative but to discharge the respondent, but by Act No. 89 of the Public Acts of 1915 (3 Comp. Laws 1915, § 14565) it was provided:

" 'No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court of this State in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.'

"We think this statute was passed to prevent such a miscarriage of justice as would occur if this respondent upon this record should be discharged."

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.