PEOPLE *v.* RAWLS.

1. CRIMINAL LAW—APPEAL AND ERROR.

Regularity of procedure in criminal appeal is not considered by Court of Appeals where appellee raises no question with respect thereto.

2. SAME — CONSTITUTIONAL LAW — STATUTES — COURTS — WAIVER OF JURY TRIAL.

Claim that written waiver of jury trial was invalid, *held,* without merit, where waiver was executed in open court on advice of counsel, and both procedure and form of waiver complied with statute (CL 1948, § 763.3).

3. SAME—PRIMA FACIE CASE—DISMISSAL AT CLOSE OF PEOPLE'S PROOFS.

Defendant charged with crime is not entitled to dismissal at close of people's proofs which clearly establish commission of crime charged and facts which, if unexplained, would justify a finding of guilty beyond a reasonable doubt (CL 1948, § 750-.110).

4. SAME—BURGLARY—PRIMA FACIE CASE—EVIDENCE.

Defendant charged with breaking and entering store in nighttime with intent to commit larceny *held,* not entitled to dismissal at close of people's proofs clearly establishing crime charged, that defendant was in car used for crime on night of crime, that defendant and others went to place where stolen safe was found on day after crime in car where tools used on safe were discovered and later that day left for Chicago,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 545, 649, 654.
[2] 21 Am Jur 2d, Criminal Law § 219
  31 Am Jur, Jury §§ 42, 48, 50, 51, 54–56.
[3] 21 Am Jur 2d, Criminal Law § 517.
[4, 6] 21 Am Jur 2d, Criminal Law § 517.
  13 Am Jur 2d, Burglary § 45.
[5] 13 Am Jur 2d, Burglary § 45.
[5, 6] 21 Am Jur 2d, Criminal Law § 226.

since such facts unexplained, would justify finding of guilt beyond a reasonable doubt (CL 1948, § 750.110).

5. SAME — BURGLARY — EVIDENCE — CLOSE OF PROOFS — REASONABLE DOUBT.

Trial court's finding of guilty beyond a reasonable doubt of breaking and entering store in nighttime with intent to commit larceny *held*, error, where circumstantial evidence establishing prima facie case of guilt was fully explained by defendant whose testimony was partially corroborated by his mother and codefendant's mother, and defendant voluntarily returned from Chicago and appeared in court a few days after offense at request of mother who informed him he was sought for crime (CL 1948, § 750.110).

6. SAME—BURGLARY—EVIDENCE—CLOSE OF PROOFS.

Defendant, charged with burglary, *held*, entitled to dismissal at close of entire proofs, where evidence of guilt was purely circumstantial and fully explained by defendant whose testimony was partially corroborated by mother and codefendant's mother, considered with fact that defendant voluntarily returned from Chicago and appeared in court a few days after offense at request of mother who informed him he was sought for crime (CL 1948, § 750.110).

Appeal from Muskegon; Beers (Henry L.), J. Submitted Division 3 January 5, 1967, at Grand Rapids. (Docket No. 1,460.) Decided April 25, 1967.

Arthur Rawls, Jr., and another were convicted of breaking and entering a store building in the nighttime with intent to commit larceny. Arthur Rawls, Jr., appeals. Reversed.

*Fank J. Kelley,* Attorney General, *Robert A. Derengoski,* Soliciter General, and *Paul M. Ladas,* Prosecuting Attorney, for the people. *Milton R. Henry,* for defendant.

QUINN, J. Defendant and another were tried May 21, 1964, before the trial court sitting without a jury on a charge of breaking and entering in the

nighttime of a store building with intent to commit a larceny in violation of CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). At the close of plaintiff's case, defendant moved for dismissal on the basis plaintiff had failed to prove a prima facie case. The motion was denied, but defendant renewed the motion to dismiss at the close of proofs and it was again denied. The court found both defendants guilty and they were both sentenced to prison. Defendant filed timely motion for new trial as well as a claim of appeal and defendant was released on bail. October 19, 1965, the motion for new trial was denied, defendant's bond was canceled and he was remanded to the corrections commission to begin serving the sentence previously imposed June 15, 1964. Then defendant began to process the appeal commenced June 17, 1964. No question having been raised by appellee as to the regularity of this procedure, we do not consider it here.

On appeal, defendant contends the waiver of jury trial was invalid; that the proofs at the close of plaintiff's case were so inadequate that it was error for the trial court to deny his motion to dismiss; and that his motion to dismiss at the close of proofs should have been granted.

Before trial and in open court, defendant and his codefendant signed a waiver of jury trial entitled in the court and cause and in the following form:

"To the Honorable Circuit Court for the County of Muskegon.

We, Robert Smith and Arthur Rawls, the respondents* in the above entitled cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully under-

---

* The term "respondents" used in this form should be "defendants". GCR 1963, 201.1 and 785.1 require the designation of parties to be either *plaintiff* or *defendant*.—REPORTER.

stand that under the laws of the State of Michigan,
I have a constitutional right to a trial by jury.
Dated at Muskegon, Michigan
this 21st day of May 1964.

> BOBBY SMITH
>
> Robert Smith
> ARTHUR RAWLS
>
> Arthur Rawls
> Respondents"

The procedure and form of waiver follow the stat-
ute, CL 1948, § 763.3 (Stat Ann 1954 Rev § 28.856).
The statute was held constitutional and its pre-
scribed procedure proper in *People* v. *Henderson*
(1929), 246 Mich 481. (PA 1927, No 175, chap 3, § 3,
involved in *Henderson* is the same statute here in-
volved.) We find no error.

At the close of plaintiff's case, the breaking and
entering was established beyond peradventure. The
defendant was seen on the night of the offense with
codefendant in the car used to transport a safe
taken from the place broken into. The next day, at
the request of codefendant, one McCain drove de-
fendant and codefendant in his car to the place where
the safe was later found, and on the way codefendant
said he had some money to pick up. The following
day police found tools that were used on the safe
in McCain's car, and he testified he had not put them
there. That night defendant and codefendant left
for Chicago. This chain of implicating circum-
stances, unexplained at the close of plaintiff's case,
was evidence which would support a finding of guilt
beyond a reasonable doubt, and the trial court was
not in error in denying defendant's motion to dismiss
at the close of plaintiff's case.

At the close of proofs, the foregoing circumstances
were explained by defendant and codefendant, and

their testimony was somewhat corroborated by defendant's mother and codefendant's mother. While we recognize that in such instances, guilt or innocence is determined on the basis of credibility and the trier of the fact is in a better position to judge credibility than we are (see *People* v. *Franczyk* [1946], 315 Mich 384), when this entire record is considered with the fact that defendant returned voluntarily from Chicago a few days after the offense at the request of his mother, and codefendant returned voluntarily from Mississippi somewhat later on a similar request, we are unable to say the record supports a finding of guilt beyond a reasonable doubt. Defendant's motion to dismiss at close of proofs should have been granted.

Reversed.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.