PEOPLE *v.* CRANE

CRIMINAL LAW — DEFENSES — INTOXICATION — PROPENSITY TO
COMMIT CRIME.
  Prior knowledge by the defendant of his propensity to commit
  some crime while intoxicated cannot be made the basis of a
  finding that the defendant while sober entertained the
  requisite specific intent to commit a particular crime.

Appeal from Recorder's Court of Detroit, Robert
Evans, J. Submitted Division 1 June 18, 1970, at
Detroit. (Docket No. 8,519.) Decided October 6,
1970.

William Crane was convicted of felonious assault.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A.
Pentolino,* Assistant Prosecuting Attorney, for the
people.

*Charles Burke,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and T. M.
BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 107, 108.

PER CURIAM. The basic facts of this case are not in dispute. After drinking whiskey for three full days, defendant William Crane went to an after-hours drinking establishment ("blind pig") in order to gamble and drink more liquor. An argument ensued at the gambling table, defendant pulled out a gun, and the complaining witness was shot through the chest. Following a non-jury trial, defendant was convicted of felonious assault, MCLA § 750.82 (Stat Ann 1962 Rev § 28.277). Defendant appeals as of right arguing that the plaintiff failed to prove that he possessed the requisite specific intent to commit the crime.

Plaintiff concedes that the trial court correctly ruled that felonious assault is a specific intent crime. In addition, both parties agree that defendant voluntarily embarked upon the drinking spree which culminated in his arrest. However, defendant argues that the following statement by the trial court was based upon a clearly erroneous interpretation of existing law:

"The court, however, moreover holds that in the absence of being able to make a determination from the testimony as to what defendant's specific intent is, can [sic] garner the intent of the defendant from the fact that he voluntarily engaged in drinking, knowing he had those propensities, which is why I specifically asked him those questions."

We agree with defendant.

In *People* v. *Kelley* (1970), 21 Mich App 612, 625, this Court reviewed the law concerning the availability of the intoxication defense in specific intent crimes:

"The judge's charge that the intoxication defense is unavailable if the jury finds that the defendant knew while sober that when he drinks he may com-

mit a crime, any crime, means that a defendant's knowledge of a propensity to commit when drunk, say, the crime of blasphemy, or gambling, or gross indecency, or murder, would eliminate the defense even if the crime actually charged is, say, armed robbery or some other crime of specific intent. That is not the law. *Prior knowledge of a propensity to commit some crime cannot be made the basis of a finding by a jury that a defendant while sober entertained the requisite specific intent to commit a particular crime.*

"The prosecutor argues that Kelley must be held to intend the consequences of his actions because he voluntarily became intoxicated. Putting aside the question whether an alcoholic drinks voluntarily, under present law the consequence which a voluntary drinker is deemed as a matter of law to intend is the crime committed, not that he will entertain any specific intent requisite to its commission. Indeed, the essence of the exception for specific intent crimes to the general rule that intoxication is not a defense is that specific intent will not be implied as an intended consequence of voluntary intoxication.

"During the discussion of his proposed jury charge with counsel for the parties the trial judge expressed the view that a man with the defendant's history of intoxication should be deemed fully accountable for the crimes he commits while intoxicated. We agree with the judge that one who has a history of committing serious crimes when he drinks is a threat to the safety of the community and that in the spectrum of moral responsibility one who has such a history and commits a crime in that condition is generally more heinous than one who commits a crime while intoxicated but who has no such history.

"The question before us, however, is one of criminal responsibility, not moral responsibility. Present law simply does not differentiate between wrong-

doers based on their propensity for crime, holding one with a prior history of committing crimes while intoxicated to a higher standard of criminal responsibility than one who has no such history." (Emphasis supplied.)

While the trial judge may properly infer the requisite specific intent to do physical harm from the fact that a dangerous weapon was used, in the instant case the defendant was, nevertheless, entitled to consideration of his claim that alcohol so overcame his facilities as to negate that finding.

Reversed and remanded for a new trial.