PEOPLE *v* MANNING

1. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—APPEAL AND ERROR.

   A finding of guilty by the trial court in a nonjury criminal case may be affirmed, even though no specific findings of fact were made, where the elements of the offense are uncomplicated, there is some evidence tending to prove each element of the offense, and where it appears that the trial court must have found such evidence credible (GCR 1963, 517.1).

2. LARCENY—ELEMENTS—TAKING WITHOUT CONSENT.

   In order for there to be a larceny, the taking of the article must be without the consent and against the will of the owner.

3. LARCENY—ELEMENTS—TAKING WITHOUT CONSENT.

   A larceny occurred where the complaining witness, who had talked to the defendant about selling the defendant a ring, gave the ring to defendant's friend so the friend could examine it, the defendant reached over and took the ring and started to drive away, the complaining witness told defendant to stop, but defendant continued on, saying he would settle up with the complaining witness later, but never paid for or returned the ring, because the complaining witness never voluntarily relinquished possession of the ring but only gave custody of the ring (MCLA 750.356).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839.
[2–4] 50 Am Jur 2d, Larceny § 9 *et seq.*

4. LARCENY—GIVING CUSTODY—SURRENDER OF POSSESSION.

A larceny occurs where the accused has the mere custody of the property, the legal possession being still in the owner, and the wrongdoer makes away with the property with intent to deprive the owner of it permanently; what amounts to possession and what to mere custody probably cannot be determined according to any settled formula; the determination in any particular case must depend largely upon the capacity in which the defendant was given access to or dominion over the property taken and upon the powers or duties which the owner gave or imposed upon him (MCLA 750.356).

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 February 2, 1972, at Detroit. (Docket No. 11453.) Decided February 25, 1972.

Charles Carver Manning was convicted of larceny over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Peter J. Donlin,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

DANHOF, P. J. After a nonjury trial the defendant was convicted of larceny over $100. MCLA 750.356; MSA 28.588. He now appeals and we affirm.

The defendant's first contention is that GCR 1963, 517.1, which requires the trial court to make findings of fact in cases heard without a jury, applies to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

criminal cases and that a reversal is required because of the failure of the trial court to make specific findings of fact.

The question of whether rule 517.1 applies to criminal cases has not been definitively decided. This Court has held that the rule does apply to criminal cases. *People v Beaudoin,* 7 Mich App 461 (1967); *People v George Scott,* 21 Mich App 217 (1970). In the case of *People v Thomas,* 384 Mich 804 (1971), the Supreme Court entered the following order:

"Leave to appeal granted February 9, 1971, and the Court of Appeals is summarily affirmed for the reason that GCR 1963, 517.1 does not apply to criminal cases."

Subsequently, in *People v Thomas,* 384 Mich 828 (1971), the following order was entered:

"Motion for reconsideration granted, order of February 9, 1971, affirming the Court of Appeals is hereby vacated, and application for leave to appeal granted April 15, 1971."

In this case we find it unnecessary to determine whether or not the rule applies to criminal cases. Assuming for purposes of decision that the rule does apply we believe that the judgment can be affirmed on the authority of *People v Green,* 32 Mich App 482 (1971). In *Green* the Court explained the holdings of *Beaudoin* and *Scott, supra,* stating at p 485:

"Each tacitly holds, therefore, that a general verdict of guilty by the court may be affirmed where the elements of the offense are uncomplicated, there is some evidence tending to prove each element of the offense, and where it appears that the trial court must have found such evidence credible."

This case is controlled by *Green.* The elements of larceny are not unduly complicated. There was

evidence that tended to prove each element of the offense and the trial judge expressly indicated that he found the prosecution's evidence credible.

The defendant's second contention is that the record shows that the victim voluntarily relinquished possession of the stolen property and thus there was a failure of proof on one of the elements of the offense. The defendant argues that because of this, if an offense was proven, it was either larceny by trick or larceny by conversion, and thus, a conviction of larceny over $100 was improper. This issue was raised in the trial court and the trial judge ruled as follows:

"If the event took place, it would be very similar to somebody lifting something of yours in your presence and then leaving with it, and I find it is larceny."

It is true, as the defendant contends, that to constitute larceny the taking must be without the consent and against the will of the owner. *People* v *Anderson,* 7 Mich App 513 (1967). However, an examination of the record reveals that this element was proven and that the ruling of the trial court was correct.

In order to discuss this issue we must briefly state the relevant facts. The property involved in this case is a ring. The owner of the ring, one Robinson, had discussed selling it to the defendant while they were both present at a skating rink. It appears that the defendant indicated that he would like to purchase it. Robinson then left the skating rink but returned and asked the defendant for a ride home, explaining that he had missed his ride. The defendant, Robinson, and one Brown then drove to Robinson's home. After Robinson had gotten out of the car the defendant asked him to show the ring to Brown. Robinson removed the ring from his finger and handed it to Brown. Brown held the ring for a

short time and then the defendant reached over and took the ring from him. The defendant then started to drive his car away. Robinson shouted to him to stop and return the ring. The defendant then said something to the effect that he would settle up with Robinson later and drove off. The defendant never paid Robinson or returned the ring.

The record does not show that Robinson ever voluntarily relinquished possession of the ring. There is a distinction between surrendering possession and giving mere custody. In *State* v *Smitherman*, 187 Kan 264, 266–267; 356 P2d 675, 677–678 (1960), the Kansas Supreme Court explained this distinction:

"Courts have generally drawn an important distinction based upon the wrongdoer's original relation to the *res*. Thus, where the accused has the mere custody of the property and the legal possession is still in the owner, if the wrongdoer makes away with the property with intent to deprive the owner of it permanently his offense is larceny.

\* \* \*

"What amounts to possession and what to mere custody within the meaning of the rules probably cannot be determined according to any settled formula, but the question in any particular case must depend largely upon the capacity in which the defendant was given access to or dominion over the property taken, and upon the powers or duties which the owner gave or imposed upon him with respect thereto. For example, one to whom property is delivered by the owner for some limited, special or temporary purpose may be regarded as having its custody only, and as capable of committing larceny thereof."

In this case the testimony of the prosecution's witnesses, which the trial judge indicated he be-

lieved, clearly shows that Robinson only handed the ring to Brown to allow Brown to make a brief examination. This was merely a giving of custody and not a surrender of possession.

Since we have found that Robinson did not surrender possession to anyone, any discussion of a possible distinction between surrender of possession to Brown and surrender of possession to the defendant is irrelevant. Furthermore, since we hold that larceny over $100 was clearly established, a discussion of the distinctions between that offense and other theft offenses is unnecessary.

Affirmed.

All concurred.