PEOPLE *v* CURRY

1. ROBBERY—ARMED ROBBERY—SPECIFIC INTENT.
    Armed robbery is a specific intent crime.

2. CRIMINAL LAW—SPECIFIC INTENT—INTOXICATION.
    Voluntary intoxication can be a defense to a charge of a specific intent crime.

3. CRIMINAL LAW—SPECIFIC INTENT—INTOXICATION—FINDINGS OF FACT.
    The trial court's failure to make sufficient findings of fact as to whether defendant was so intoxicated as to negate the specific intent necessary to support a conviction of armed robbery constituted reversible error.

4. CRIMINAL LAW—SPECIFIC INTENT—INTOXICATION—FINDINGS OF FACT.
    Trial court's statement in its finding of facts in a nonjury robbery case that intoxication was a collateral issue necessitated reversal where intoxication was a crucial issue and the court's statement was its only comment on the intoxication defense, because the finding of fact was insufficient to enable the appellate court to determine that the trial court had found that the defendant had had the necessary specific intent.

5. EVIDENCE—OBJECTS—CHAIN OF POSSESSION.
    Objects are admissible into evidence only when the complete chain of possession of the object to the final custodian can be traced, without any gap in the chain remaining unexplained.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery §§ 14–21.
[2–4] 21 Am Jur 2d, Criminal Law §§ 107, 108.
    Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.
[5] 29 Am Jur 2d, Evidence § 446.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 December 8, 1971, at Lansing. (Docket No. 11678.) Decided March 24, 1972.

Joe L. Curry was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John B. Huss,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. On January 30, 1970, defendant was convicted of armed robbery after a nonjury trial. MCLA 750.529; MSA 28.797.

On April 22, 1969, the cashier of an Ann Arbor Kroger store was robbed by a man. When he ran from the store, the robber left a Michigan driver's license on a counter in the store. The license bore defendant's color photograph and was undeniably his. Through information listed on the license, the defendant was apprehended by the police. At the trial, defendant testified that due to alcoholic intoxication he couldn't remember anything that transpired during the critical time of the robbery until he found himself in the Ann Arbor police station. Defendant now prosecutes this appeal alleging four grounds as error. We reverse and remand for a new trial.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The first isue raised by defendant is that since specific intent is an element in armed robbery, it was error for the trier of fact to state that the question of defendant's intoxication was collateral to the issues in the case. In defendant's second assignment of error, he argues that the trial court failed to comply with GCR 1963, 517.1 which requires a nonjury court to find the facts specially and state separately its conclusions of law thereon. These two issues are related; we find it appropriate to discuss them together.

At the conclusion of the trial the court made the following statement:

"The court has listened to this trial for five—the last five days, four of the last five days with a great deal of interest. It has been presented with vigor by both the people and by defense.

"The court notes that the witness, Miss Falentine, did positively identify the defendant here in court from the witness stand as the man who robbed her. The court notes the fact that the money found in the defendant's car was bound, part of it was bound in rubber bands and packets as described by Miss Falentine in identification of the money stolen from her.

"The court notes that the gun does have a worn silver appearance. The court notes that the motor vehicle operator's license, people's exhibit 1, is that of Joe Lewis Curry, there is his picture, compares to the picture of Mr. Curry, it is his license. That has not been disputed either and notes also that Miss Falentine had this before her at the time that the person who held her up was before her, that she pointed out the height of the defendant and the shape of his chin not—was able to identify him notwithstanding the fact that the person who robbed her had a stocking cap and dark glasses on in an attempt perhaps to conceal his identity.

"The court notes that the money found in the defendant's car was found in a stocking cap identified by the witness Falentine as the type worn by the person who held her up.

"Now with respect to the point raised by the defense, the question whether or not the defendant was intoxicated is collateral to the issues in the case. There is some discrepancy in the testimony on that point but it is a collateral point.

"The witness Falentine admitted that she had misidentified Mr. Tammen as being the person who was present at the show-up, but that was in a darkened portion of the room and her identification of defendant as being the person who robbed her up at the show-up was made under circumstances where the person identified was in a relatively bright light designed for the purpose of revealing people to be identified or not to be identified.

"The court has noted the testimony of the witness Johnson, noted his demeanor on the witness stand and the court has an abiding conviction to a moral certainty that the defendant is the person who robbed Miss Falentine and her employer, the Kroger Store on the date specified in the information.

"The court accordingly finds the defendant guilty as charged. The defendant is remanded to the custody of the sheriff. Sentencing is set for 2:00 on Wednesday, February 18, 1970. Anything further, gentlemen?"

As defendant argues, armed robbery is a specific intent crime. *People v Kelley*, 21 Mich App 612 (1970); *People v Ramsey*, 23 Mich App 11 (1970); *People v Stoner*, 23 Mich App 598 (1970). Further, voluntary intoxication can be a defense to a specific intent crime unless an accused while sober formed the specific intent to commit the crime charged. In other words, intoxication can be shown to negate specific intent when specific intent must be proved. *People v Kelley, supra; People v Ramsey, supra;*

*People* v *Stoner, supra; People* v *Phillips,* 37 Mich App 242 (1971). In the case at bar, there is substantial conflict in the testimony on the state of defendant's alleged intoxication. This was an important issue at trial—was defendant intoxicated at the time of the robbery, and if so, was defendant intoxicated to the degree that he was unable to form the specific intent required to convict on armed robbery? Upon our reading of the just-quoted statements of the trial court, it appears that the possibility of intoxication negating specific intent was not considered and decided upon by the trial court. It may well be that when the trial court, sitting as the trier of fact, stated that the question of defendant's intoxication was collateral to the issue he was confusing the distinction between crimes which require only a general intent and those which require a specific intent. Intoxication would be a collateral issue in a crime requiring only general intent because voluntary intoxication does not negate any general intent. *People* v *Kelley, supra.* Even if we are wrong in surmising that the trial court did not consider the possibility of intoxication negating the requisite specific intent required in an armed robbery, we find no indication otherwise. The trial court did not make sufficient findings of fact on this point pursuant to GCR 1963, 517.1, which requires that in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon. This court rule applies to criminal trials. *People* v *George Scott,* 21 Mich App 217 (1970); *People* v *Martinovich,* 18 Mich App 253 (1969); *People* v *Beaudoin,* 7 Mich App 461 (1967).[1]

---

[1] On February 9, 1971, in *People* v *Thomas,* the Michigan Supreme Court granted leave to appeal and summarily affirmed this Court for the reason that GCR 1963, 517.1 does not apply to criminal cases, 384 Mich 804. However, on April 15, 1971, the Michigan Supreme

In reversing this case, we do not suggest an opinion on whether defendant was intoxicated, or if intoxicated, whether it was to such a degree as to negate "specific intent", as this is the function of the trier of fact. But, a trial court trying a criminal case without a jury should, in rendering judgment, make sufficient findings of fact so that if review of its decision is required, as here, the appellate court will know the precise reasons for the trial court's decision. *People* v *Martinovich, supra.* As stated by this Court in *People* v *Crane,* 27 Mich App 201, 204 (1970):

"While the trial judge may properly infer the requisite specific intent to do physical harm from the fact that a dangerous weapon was used, in the instant case the defendant was, nevertheless, entitled to consideration of his claim that alcohol so overcame his facilities as to negate that finding."

Therefore, because we are unable to determine whether the court below considered defendant's claim that alcohol so overcame his facilities, it is impossible to determine upon what facts the trial court based its conclusion that the elements of the crime, more specifically specific intent, were proved beyond a reasonble doubt. This was reversible error.

As to defendant's contention, that admission of positively identified items was error when there was no showing where the items had been between the time of the offense and the date of the trial, we draw attention to 29 Am Jur 2d, Evidence, § 774, p 844, which states the following:

"Articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly

Court vacated its February 9 order and granted leave to appeal. 384 Mich 828.

identified and shown to be in substantially the same condition as at the time in issue. In most cases it is not possible to establish the identity in question by a single witness, since the object or article has usually passed through several hands before being analyzed or examined or before being produced in court, and under such circumstances it is necessary to establish a complete chain of evidence, tracing the possession of the object or article to the final custodian, and if one link in the chain is missing, the object or article cannot be introduced."

In view of our conclusions we do not discuss any other issue raised by the defendant. We reverse defendant's conviction for armed robbery and remand for a new trial consistent with our views.

All concurred.