PEOPLE v MATTHEWS

1. APPEAL AND ERROR—WEIGHT OF THE EVIDENCE—NEW TRIAL.

An objection going to the weight of the evidence can only be raised by a motion for a new trial and a denial of such motion is reviewable for abuse of discretion, which is found only where the trial court's decision in a nonjury trial was manifestly against the clear weight of the evidence.

2. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE—CRIMINAL LAW—NEW TRIAL.

A challenge to the sufficiency of evidence resulting in a conviction does not require a prior motion for a new trial, and the evidence is insufficient if it could not support a finding of guilt beyond a reasonable doubt.

3. CRIMINAL LAW—RULE OF LAW—RETROACTIVE APPLICATION.

Three key factors are involved in determining whether. a new rule of law should be applied retroactively: (1) the purpose of the new rule, (2) the general reliance on the old rule by law enforcement officials, and (3) the effect on the administration of justice of retroactive application.

4. CRIMINAL LAW—NONJURY TRIALS—FINDINGS OF FACT—COURT RULES—RETROACTIVE APPLICATION.

The rule of law enunciated in a decision of the Supreme Court that in criminal cases a judge who sits without a jury is obliged to articulate reasons for his decision in findings of fact is to be held prospectively applicable to nonjury trials finalized after the date of that decision because retroactive application to nonjury criminal trials conducted prior to the date of decision would have a significant adverse effect on the administration of justice (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence § 1086.
  58 Am Jur 2d, New Trial §§ 140, 141, 220.
[3–5] 73 Am Jur 2d, Statutes §§ 347–355.
[6] 21 Am Jur 2d, Criminal Law § 219.

5. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—COURT
    RULES—APPEAL AND ERROR.

> Failure of a trial judge sitting without a jury in a criminal case
> to make special findings of fact and conclusions of law as
> mandated by a court rule was not, in itself, reversible error,
> where the defendant's conviction became final prior to the date
> of a Supreme Court decision mandating compliance. with the
> court rule in criminal cases (GCR 1963, 517.1).

6. CRIMINAL LAW—JURY TRIAL—WAIVER.

> A defendant in a criminal case has the right to waive the
> determination of facts by a jury where the waiver is in writing
> and signed by the defendant in open court, after the defendant
> has been arraigned and has had an opportunity to consult with
> counsel (MCLA 763.3).

Appeal from Recorder's Court of Detroit, Samuel
H. Olsen, J. Submitted Division 1 March 5, 1974,
at Lansing. (Docket No. 17583.) Decided May 2,
1974.

Charles Matthews was convicted of attempted
unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas A. Ziol-
kowski,* Assistant Prosecuting Attorney, for the
people.

*Markus S. Simon,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and
R. L. SMITH,* JJ.

McGREGOR, P. J. On March 7 and 8, 1973, de-
fendant was tried in Recorder's Court on a charge
of assault with intent to rob being armed. MCLA
750.89; MSA 28.284. The trial court, sitting with-

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

out a jury, found the defendant guilty of the lesser included offense of attempted robbery not being armed. MCLA 750.530; MSA 28.798; MCLA 750.92; MSA 28.287. The defendant was sentenced on March 27, 1973, to a term of from 3-1/3 to 5 years in prison.

The record in this case indicates that on February 15, 1973, the complaining witness heard a commotion in a back corner of a market. Failing to see the store guard, he turned toward the front of the store and saw a man who he later identified as the defendant, entering with what appeared to be a handgun. The defendant said something which the complaining witness did not understand, and the complaining witness fired two shots at the defendant; the defendant thereupon fled from the store, followed by another man carrying what appeared to be a shotgun.

When police arrived, the complaining witness described the men and the police proceeded into the alley and followed two sets of fresh footprints in the snow to a home a short distance from the store. The officers knocked on the door and asked the occupant if anyone had just run into her house. She said her son had just come in, the officers asked to speak with him, and she led the officers to the basement where the officers found three young men in a small room, another crouched behind a washing machine, and another, identified as the defendant, under the stairs behind a headboard and footboard of a bed. The police also found a BB-pistol resembling a .357 magnum Luger and a Winchester .22-caliber rifle. The complaining witness later identified two of the men as the perpetrators of the crime.

When defendant's case was called for trial, the defendant consulted with his attorney and waived

his right to trial by jury in writing. At trial, one of the two men identified by the complaining witness admitted that he tried to hold up the store, but the defendant claimed that he was only going into the store to purchase pop and cigarettes. The court found the defendant guilty of attempted robbery not being armed, and on September 19, 1973, denied defendant's delayed motion for a new trial, deciding that (1) defendant waived his right to trial by jury; (2) defendant was found guilty beyond a reasonable doubt; and (3) the finding of defendant's guilt was not against the great weight of the evidence.

In this Court, defendant argues that the trial court's finding of attempted robbery not being armed is against the great weight of the evidence and that the evidence adduced at trial was insufficient to support the conviction.

An objection going to the weight of the evidence can only be raised by a motion for a new trial. It is when that motion is denied, as in the instant case, that such denial is reviewable for abuse of discretion. *People v Mattison,* 26 Mich App 453; 182 NW2d 604 (1970). An abuse of discretion is found only where the trial court's decision was manifestly against the clear weight of the evidence. *Murchie v Standard Oil Co.* 355 Mich 550; 94 NW2d 799 (1959); *Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598; 107 NW2d 783 (1961). Since the defendant in this case did make a delayed motion for a new trial, his assertion that the conviction was against the great weight of the evidence is properly before this Court.

A challenge to the sufficiency of the evidence does not require a prior motion for a new trial. *People v Jimmie Ragland,* 34 Mich App 673; 192 NW2d 73 (1971). The evidence is insufficient if it

could not support a finding of guilt beyond a reasonable doubt. *People v Williams,* 368 Mich 494; 118 NW2d 391 (1962).

The judge in his decision in this case did not articulate the elements of the crime nor his findings of fact with respect thereto. Admittedly, "the elements [of attempted robbery unarmed] are few in number and relatively simple in nature", *People v Green,* 32 Mich App 482, 485; 189 NW2d 122, 124 (1971), and evidence was adduced at trial supporting the lower court's finding, which will only be set aside where clearly erroneous. GCR 1963, 517.1. However, the clearly erroneous standard is to be applied to special findings of fact not present here. We are thus required to decide a basic threshold question raised by neither party in this appeal, namely, whether the trial court's failure to make special findings of fact in compliance with GCR 1963, 517.1 requires reversal.

GCR 1963, 517.1 provides that the court in a nonjury case shall:

"[F]ind the facts specially and state separately its conclusions of law thereon."

Our Supreme Court has recently resolved all doubt as to whether the provisions of the foregoing court rule apply to judge-tried criminal cases. In *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973), the Court stated:

"We are now of the opinion that in criminal cases as well as civil cases a judge who sits without a jury is obliged to articulate the reasons for his decision in findings of fact. Findings of fact in a nonjury case serve a function of paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder."

In a footnote, however, Justice LEVIN added that the trial court's failure to make special findings of fact will not require remand where it is apparent that the trial judge was aware of the factual issue involved and resolved it. *Jackson, supra,* p 627, fn 3. The footnote in question cites *People v Green,* 32 Mich App 482; 189 NW2d 122 (1971), as an example.

*Jackson, supra,* was decided on December 18, 1973. Defendant Matthews was sentenced on March 22, 1973, and his delayed motion for a new trial was denied on September 19, 1973. The obvious question, therefore, is whether the Supreme Court's requirement, enunciated in *Jackson,* that in nonjury criminal cases the trial court comply with GCR 1963, 517.1, is retroactively applicable to nonjury criminal trials occurring prior to the date of decision in the *Jackson* case.

This question of retroactivity is neither decided nor discussed in the *Jackson* case itself. One could argue that Justice LEVIN's statement that "[w]e are *now* of the opinion." (emphasis added) intimates that the rule therein enunciated is intended to be prospectively applicable only. However, notwithstanding Justice LEVIN's well-known semantic precision, we hesitate to determine such an important question on the basis of his use of the one word "now".

The *Jackson* opinion is the resting place of a long line of conflicting decisions with respect to the applicability of GCR 1963, 517.1 to nonjury criminal trials. Prior to 1971, this Court had uniformly upheld the applicability of that court rule. However, on February 9, 1971, the Supreme Court, in *People v Thomas,* 384 Mich 804 (1971), summarily ruled that 517.1 does not apply in criminal cases. Three months later, on April 15, 1971, the

Court vacated its order and thus generated a good deal of confusion. 384 Mich 828 (1971). Compare *People v Payne,* 37 Mich App 442, 446; 194 NW2d 906 (1971) ("this court rule does not apply to criminal cases"), with *People v Curry,* 39 Mich App 412, 416; 197 NW2d 837 (1972) ("[t]his court rule applies to criminal trials"). Perhaps the most accurate assessment with respect to the question at the time was provided in *People v Manning,* 38 Mich App 662, 664; 197 NW2d 152 (1972):

"The question of whether rule 517.1 applies to criminal cases has not been definitively decided."

When, in the following year, the Supreme Court handed down its opinion in the *Thomas* case, 387 Mich 368; 197 NW2d 51 (1972), the confusion was not dispelled, for the Court split three-three on whether 517.1 applies to criminal cases. Three justices stated that "no special findings of fact are required in judge-tried criminal cases", and a fourth concurred in the result. The other three were of the opinion that 517.1 should apply to civil and criminal cases alike.

Indeed, if anything, the confusion became more acute, for several panels of this Court read *Thomas* as excluding criminal cases from the operation of 517.1, despite the three-three-one split on the question in the Supreme Court. However, in the *Jackson* decision, Justice LEVIN, speaking for a unanimous Court, held that since neither opinion in *Thomas* obtained four signatures, "neither [was] binding under the doctrine of stare decisis".

We now know, of course, that the court rule does indeed apply to criminal cases, at least as of December 18, 1973, when *Jackson* was decided. It may be safely assumed, however, that during the

interim period between 1971 and 1973, many trial judges were not uniformly making findings of fact and stating conclusions of law in accordance with the court rule. The present case, tried in Recorder's Court in early 1973, is but one example.

Thus, it may be seen that the Supreme Court's decision in *Jackson* was not merely a clarification or simple expansion of existing law, but was, rather, a new and hopefully definitive statement of the law with respect to one area of criminal procedure. Because of this, the question of *Jackson's* retroactivity is one that cannot be avoided.

In determining whether a new rule of law should be applied retroactively, our Supreme Court has followed the lead of the United States Supreme Court and emphasized three key factors which are involved in making that decision: (1) the purpose of the new rule; (2) the general reliance on the old rule by law-enforcement officials; and (3) the effect on the administration of justice of retroactive application. See *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), and *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). Although each of these three factors plays a role in the decision with respect to the retroactivity of a new rule, the United States Supreme Court has emphasized that "[f]oremost among these factors is the purpose to be served by the new constitutional rule". *Desist v United States,* 394 US 244, 249; 89 S Ct 1030, 1033; 22 L Ed 2d 248, 255 (1969). We will thus analyze the question of *Jackson's* retroactivity in light of these three factors, giving due emphasis to the purpose of the *Jackson* rule requiring special findings of facts in nonjury criminal cases.

In commenting on the purpose of the court rule's requirement of special findings of fact in

nonjury cases, Messrs. Honigman & Hawkins have noted:

"Since rule 517 is based upon Federal rule 52(a), it may be presumed that the purpose of the Michigan rule is the same as that underlying the Federal rule. This purpose has been stated as follows:
" 'The purpose of rule 52(a) is to aid the appellate court by affording it clear understanding of the ground or basis of the decision of the trial court. Another purpose of requiring findings of fact and conclusions of law is to make definite just what is decided by the case in order to apply the doctrines of estoppel and res judicata to future cases. Finally, and possibly most important, the requirement that findings of fact be made is intended to evoke care on the part of the trial judge in ascertaining the facts.' Barron and Holtzoff, Federal Practice and Procedure, § 1121, pp 481–482." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 592.

In his opinion in *Jackson,* on behalf of a unanimous Court, Justice LEVIN noted that:

"Findings of fact in a nonjury case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder." 390 Mich 621, 627 (1973).

It seems apparent from the foregoing discussion that the *Jackson* requirement of special findings of fact in nonjury criminal cases has as its purpose the facilitation of appellate review. The United States Supreme Court has indicated that where the purpose of a new rule is primarily to insure the integrity of the fact-finding process at trial by removing impediments to the accuracy of that fact finding, the rule is to be applied retroactively. As that Court noted in *Williams v United States,* 401 US 646, 653; 91 S Ct 1148, 1152; 28 L Ed 2d 388, 395 (1971):

"Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances."

See also *Adams v Illinois,* 405 US 278; 92 S Ct 916; 31 L Ed 2d 202 (1972).

In our view, the primary purpose, as noted above, of the *Jackson* rule is to aid appellate review of criminal convictions. (Of course, this requirement collaterally affects the integrity of the fact-finding process at trial by insuring that the trial judge make explicit the basis upon which his finding of guilt or acquittal is based.) However, we do not view the prior failure of trial courts to make special findings of fact in nonjury criminal cases as a substantial threat to the accuracy of the fact finding. Furthermore, the absence of such special fact finding, in our view, does not create a substantial likelihood that the innocent were convicted as a result thereof.

Thus, the purpose of the new rule neither requires nor forbids retroactive application. We therefore must consider the impact of retroactive application on the administration of justice in light of the reliance by trial courts on prior decisions indicating that special fact finding mandated by GCR 1963, 517.1 did not apply in criminal nonjury trials.

The potential impact of holding *Jackson* retroactive would be substantial. We take judicial note of the fact that the Detroit Recorder's Court conducted 374 nonjury felony trials in 1971 and 390

in 1972; the circuit courts conducted another 502 in 1971 and 626 in 1972. No figures are available for 1973, but during 1971 and 1972 alone, it may be seen that nearly 2,000 nonjury felony trials were conducted in Michigan. Despite such decisions as *People v Payne, supra,* in 1971; and *People v Rush,* 48 Mich App 478; 210 NW2d 467 (1973) (holding 517.1 not applicable), it may be assumed that some judges complied with the court rule. It may likewise be assumed that many did not.

Thus, to hold *Jackson* retroactively applicable to nonjury criminal trials conducted prior to the date of its decision would have a significant adverse effect on the administration of justice in Michigan. This factor, in our view, is decisive and mandates that *Jackson* be held prospectively applicable to nonjury trials finalized after the date of decision in that case.

Since defendant Matthews' conviction became final prior to the date of the Supreme Court's decision in *Jackson,* we therefore hold that the trial court's failure in this case, to make special findings of fact and conclusions of law as mandated by GCR 1963, 517.1, is not, in itself, reversible error.

The questions remain whether there was sufficient evidence to support the conviction in the instant case and whether that conviction was against the great weight of the evidence. Our review of the lower court record convinces us that there was sufficient evidence which could support a finding of defendant's guilt beyond a reasonable doubt. In addition, we find that the trial court's conclusion, that the defendant was guilty of attempted robbery unarmed, is not manifestly against the great weight of the evidence. The

credibility of the complaining witness's testimony was for the court. The trial court's finding makes obvious the fact that he believed the complaining witness and not the defendant. We are in no position to disturb that finding.

We note additionally that a defendant has the right to waive the determination of the facts by a jury, so long as it is in writing, signed by the defendant in open court, after he has been arraigned and has had an opportunity to consult with counsel. MCLA 763.3; MSA 28.856; *People v Rawls,* 6 Mich App 586; 149 NW2d 883 (1967). The procedure and form of waiver in this case comply with this requirement.

Conviction affirmed.

All concurred.