PEOPLE v JONES

Docket No. 49496. Submitted November 17, 1980, at Detroit.—Decided
May 19, 1981.

Jonah A. Jones was convicted of larceny in a building, Macomb
Circuit Court, Kenneth N. Sanborn, J. He appeals, alleging that
he was improperly charged, that the trial court erred in in-
structing the jury, and that he was denied effective assistance
of counsel. *Held:*

1. Defendant was properly charged. The person from whom
he obtained the goods merely had custody and not possession of
the goods and lacked actual authority to consent to their taking
without payment.

2. The court's instruction to the jury, while incorrect in the
trial transcript, was the result of an error in transcription by
the court reporter. The Court of Appeals, in its discretion,
accepts the reporter's correction.

3. Defendant was not denied effective assistance of counsel.

Affirmed.

1. LARCENY — DEFINITIONS.

The elements of the crime of larceny are an actual or construc-
tive taking of goods or property through the carrying away or
asportation of the goods or property of another with felonious
intent and without the consent and against the will of the
owner of the property.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny § 9.

[2] 50 Am Jur 2d, Larceny § 89.

[3] 50 Am Jur 2d, Larceny §§ 80-82.

[4] 4 Am Jur 2d, Appeal and Error § 476 *et seq.*
20 Am Jur 2d, Courts § 56.

[5, 7] 21 Am Jur 2d, Criminal Law §§ 315, 321.
Adequacy of defense counsel's representation of criminal client
regarding argument. 6 ALR4th 16.
Modern status of rule as to test in federal court of effective
representation by counsel. 26 ALR Fed 218.

[6] 29 Am Jur 2d, Evidence § 327.
81 Am Jur 2d, Witnesses § 480.

2. LARCENY — RIGHTFUL POSSESSION OF GOODS — CUSTODY OF GOODS — TRANSFER OF GOODS.

> A person who merely has custody of the goods or property of another does not have the rightful possession of such goods or property necessary for their transfer or to consent to the taking thereof, and the determination whether a person has possession or mere custody of goods depends largely upon the capacity in which such person is given access or dominion over the property and the powers and duties given or imposed by the owner with respect thereto.

3. LARCENY — EVIDENCE — AIDING AND ABETTING.

> The mere presence of a person at the scene of a larceny in a building, even where the person had knowledge that the larceny was planned or was being committed, is insufficient to establish that such person aided or assisted in the commission of the larceny.

4. COURTS — COURT OF APPEALS — AMENDMENT OF RECORDS — COURT RULES.

> The Court of Appeals, in its discretion, may permit a transcript or record to be amended by correcting errors or adding matters which should have been included in the transcript or record (GCR 1963, 820.1[4]).

5. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — STANDARD OF REVIEW.

> A criminal defendant is not denied effective assistance of counsel where defense counsel performs at least as well as a lawyer of ordinary skill and training in the criminal law; and where the defendant, from hindsight, alleges that certain action by counsel so deprived him of effective assistance and the record reveals that the reasons underlying such action would appear sound to a competent criminal attorney, the assistance of counsel is not constitutionally defective.

6. CRIMINAL LAW — TRIAL — CROSS-EXAMINATION OF DEFENDANTS — PRIOR SENTENCES — ERROR.

> Cross-examination of a criminal defendant regarding the details and duration of prior prison sentences to test his credibility constitutes error requiring reversal.

7. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — STANDARD OF REVIEW.

> A criminal defendant's allegation of a denial of his right to effective assistance of counsel will fail, even where actual proof of prejudice is presented, unless but for the alleged errors of

counsel the defendant would have had a reasonably likely chance of acquittal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Attorney, and *Alice Sage,* Assistant Prosecuting Attorney, for the people.

*J. Daniel Shanahan,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

J. W. WARREN, J. Defendant was convicted by a jury of larceny in a building, MCL 750.360; MSA 28.592. He was sentenced to a prison term of from two to four years and appeals as of right.

Evidence of the following facts was presented during the prosecution's case in chief: Security personnel at a K-Mart store in Mt. Clemens suspected one of the cash register operators of selling merchandise to her husband at a reduced rate. A surveillance operation was set up, and, on June 13, 1979, defendant's activity in the store drew the attention of a security officer. Defendant was observed with a shopping cart containing several items. He entered checkout line #6, staffed by Kathleen Thompson, on several occasions but left the line each time other customers lined up behind him. Defendant returned to the same checkout line for a final time, and the security officer got in line behind him. Defendant removed the merchandise from his cart and placed it on the counter. Kathleen Thompson removed the tags from the items, which was standard procedure, and placed the merchandise in a bag. Defendant put the bag

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in his cart and left the store. The security officer saw no money change hands. He and another security officer stopped defendant outside the store, and the bag was found to contain cowboy boots, pants, gym shorts, and underwear. None of the prices for these articles appeared on the tape from the cash register. Kathleen Thompson was identified as defendant's sister.

Defendant contends that he was improperly charged with larceny in a building. No objection to the charge was made below, and ordinarily appellate review of this issue would be precluded. However, defendant's argument can be viewed as a challenge to the sufficiency of the evidence of larceny, an issue properly before this Court.

The elements of larceny are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be the goods or personal property of another, and (5) the taking must be without the consent of and against the will of the owner. *People v Long (On Remand),* 93 Mich App 579; 286 NW2d 909 (1979). Apparently, defendant's theory is that the third and fifth elements were not established where the evidence showed that he received the merchandise from the cashier—a person in rightful possession of the property by virtue of her status as a K-Mart employee.

We find that this issue lacks merit. This Court has distinguished between possession and mere custody of property in larceny cases. In *People v Gill,* 12 Mich App 383; 163 NW2d 14 (1968), a night janitor in a retail store had been convicted of larceny after being caught sliding phonograph records under the door to an accomplice waiting outside. He argued that because the records were

delivered to his possession by reason of his employment there could not have been the "felonious taking" necessary for larceny. This Court found that defendant's bare access to the records did not constitute rightful possession where he had no duties to perform with respect to the records other than those of a custodian.

In *People v Manning,* 38 Mich App 662, 666; 197 NW2d 152 (1972), the distinction between possession and custody was explained as follows:

" 'What amounts to possession and what to mere custody within the meaning of the rules probably cannot be determined according to any settled formula, but the question in any particular case must depend largely upon the capacity in which the defendant was given access to or dominion over the property taken, and upon the powers or duties which the owner gave or imposed upon him with respect thereto. For example, one to whom property is delivered by the owner for some limited, special or temporary purpose may be regarded as having its custody only, and as capable of committing larceny thereof.' "

Application of these principles to the cashier in the present case dictates the finding that, at best, she obtained custody of the merchandise. The system used at K-Mart requires the customers to take physical possession of items they intend to purchase and bring them to the cashier. Title passes upon the payment of the price to the cashier. See, *State v Boyd,* 5 Conn Cir Ct 648; 260 A2d 618 (1969). The cashier has limited authority and discretion in connection with the goods and in the present case her duties did not go beyond tallying the prices, bagging the goods, and receiving money in exchange. Legal possession remained in the K-Mart Corporation. Therefore, we conclude that the cashier lacked the actual authority to consent to

the taking of merchandise by defendant without payment. We cannot say that the cashier had apparent authority to give away the store's property, either.

The jury was instructed that defendant could be found guilty of larceny in a building because he directly committed the crime or acted as an aider and abettor. Defendant now claims that the following instruction was erroneous:

"Mere presence, even with the knowledge that an offense is planned or is being committed, is *sufficient* to establish that the defendant aided or assisted in the commission of the crime." (Emphasis added.)

This instruction is incorrect, and a proper statement of the law would be made if the word "insufficient" was substituted for "sufficient". *People v Killingsworth,* 80 Mich App 45; 263 NW2d 278 (1977).

The court reporter has submitted an affidavit stating that a review of his notes revealed that the word "insufficient" was actually used. This Court has discretionary power under GCR 1963, 820.1(4) to correct errors in the trial transcript. We hereby exercise such discretion and accept the reporter's correction.

Finally, we address defendant's argument that he was denied effective assistance of counsel. In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), the Supreme Court set forth the test for determining whether a defendant has been deprived of his constitutional right to effective assistance of counsel. The standard requires that defense counsel perform at least as well as a lawyer of ordinary skill and training in the criminal law, and if such action that appears erroneous from hindsight was taken for reasons that would appear

sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective. Even if this constitutional minimum for effective assistance of counsel was met, a defendant also has a right to a fair trial. If an attorney makes a serious mistake, but for which a defendant might reasonably have been acquitted, a new trial is necessary. *Id.,* 266.

The first instance of allegedly improper representation occurred when defense counsel, on direct examination, brought out the fact that defendant had been released from prison on parole on the date of the incident at the K-Mart store. It was revealed that defendant had been serving time for a felony conviction, but the nature of that conviction was not disclosed at this point in the trial. We find that this procedure did not constitute ineffective assistance of counsel because it constituted a matter of trial strategy. Defendant's theory was that if any wrongdoing was committed in the store, it was committed by the cashier and not by himself. The fact that defendant had just been paroled on the date of the crime would tend to support an argument that he would not be willing to engage in criminal activities so soon after release from prison. Furthermore, defense counsel may have wished to disclose the existence of a prior conviction in order to present defendant as a person with nothing to hide.

Defendant also contends that his attorney erred in failing to object when the prosecutor cross-examined defendant and brought out the fact that defendant was on parole from a 1972 conviction. This indirectly informed the jury that defendant had spent the last seven years in prison. In *People v Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973), the Supreme Court held that to cross-examine a

defendant as to the details and duration of prior prison sentences to test his credibility constitutes error requiring reversal. In *Rappuhn,* the lower court had allowed the prosecutor to directly question defendant about his sentence for a prior offense. In the present case, however, there was no direct questioning about the terms of the sentence, and any objection by defense counsel at this point might only have emphasized the length of the sentence to the jury. Failure to object in this situation could have been a proper trial strategy decision, and we find no error.

Defendant's last claim of deficient representation is based upon the failure of defense counsel to move for suppression or limitation of evidence of defendant's prior convictions. During cross-examination, the prosecutor elicited testimony that defendant had been convicted in 1972 of armed robbery and breaking and entering and had been convicted later of carrying a concealed weapon. It is possible that the trial court would have limited or excluded evidence of the breaking and entering and armed robbery because those convictions were for conduct similar to that involved in the present case. The concealed weapons conviction did not bear on credibility and might have been excluded on that basis. See *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). We are unable to discern any valid strategy reason for defense counsel's failure to make a suppression motion. It is possible that such failure resulted in prejudice to defendant's case; however, our analysis of *Crawford, supra,* and MRE 609 does not convince us that the trial court would have been required to exclude or limit evidence of the prior convictions had the motion been made.

A criminal defendant's claim of error based on

ineffective assistance of counsel will fail, even if actual proof of prejudice is presented, unless but for the alleged errors the defendant would have had a reasonably likely chance of acquittal. *People v Bailey,* 101 Mich App 144, 154; 300 NW2d 474 (1980). Evidence of the prior convictions related to defendant's credibility in the present case, an important factor since he told a different story than the security guard who testified for the prosecution. However, after reviewing the transcript, we are unable to say that defendant would have had a reasonably likely chance of acquittal had evidence of his prior convictions been excluded.

Affirmed.